ELIZABETH ANN TAYLOR v. JACK HAYES

No. 7921DC421

(Filed 16 September 1980)

Evidence § 40; Landlord and Tenant § 19.1— tenant's action for deceptive trade practices and return of deposit – opinion testimony admissible

In an action to recover for unfair and deceptive trade practices in the lease of an apartment and to obtain a refund of a security deposit, the trial court did not err in overruling defendant's general objection to plaintiff's testimony that on one occasion defendant "ran up his back steps through his back door through his house and got out the front door, and I thought he had gone to get a gun or something so we left," since plaintiff's testimony was admissible to show her reason for abandoning her attempt to regain her security deposit.

APPEAL by defendant from *Keiger, Judge.* Judgment entered 15 November 1978, in District Court, FORSYTH County. Heard in the Court of Appeals 5 December 1979 and reheard 27 August 1980.

Plaintiff was a tenant of the defendant from 11 March 1978 to 18 March 1978 in an apartment located at 15-1/2 Monmouth Street in Winston-Salem, North Carolina. Plaintiff alleged that defendant made untrue and misleading representations which induced her to enter into a rental agreement for the apartment and that the apartment was not habitable. Plaintiff moved out eight days later and brought this action, contending that defendant's misrepresentations and concealments constituted un-

fair and deceptive trade practices under the provisions of G.S. 75-1.1. Plaintiff also sought a refund of her security deposit. Defendant counterclaimed for damages to the apartment, contended that the lease was for one year, and sought to collect eleven months' rent under the terms of the lease. The jury answered issues in favor of the plaintiff, granting her recovery of her security deposit of $175.00 and the sum of $785.00 for damages otherwise sustained. The judge trebled the damages under the provisions of G.S. 75-1.1 and entered judgment accordingly.

Defendant appealed, and this Court granted a new trial, 45 N.C. App. 119, 262 S.E. 2d 383 (1980). Plaintiff then filed a Petition for Rehearing on 22 February 1980 which was allowed. The matter was reheard without additional briefs or additional oral arguments.

*Ellen W. Gerber, of Legal Aid Society of Northwest North Carolina, Inc., for plaintiff appellee.*

*Tanis & Tally, by David R. Tanis, and White & Crumpler, by G. Edgar Parker, for defendant appellant.*

HILL, Judge.

Of the twenty-five arguments originally brought forward by defendant, we found all but one to be without merit. We held in our original opinion that the admission into evidence of a portion of plaintiff's testimony constituted prejudicial error. The plaintiff had stated that,

> He [defendant] ran up his back steps through his back door through his house and got out the front door, and I thought he had gone to get a gun or something so we left.

We held that the testimony was nothing more than opinion and incompetent.

After considering the matter again on rehearing, we find that the trial judge did not err when he overruled defendant's objection to the above testimony and motion to strike.

Defendant made only a general objection to the testimony. "A general objection, if overruled, is no good, unless, on the face of the evidence, there is no purpose whatever for which it could have been admissible." 1 Stansbury's N.C. Evidence § 27, p. 72 (Brandis rev. 1973), *citing State v. Dawson*, 278 N.C. 351, 180 S.E. 2d 140 (1971). Plaintiff's testimony was admissible to show plaintiff's reason for abandoning her attempt to regain her security deposit.

We have re-examined defendant's other twenty-four arguments and have come to the same conclusion we did originally. The arguments point out no prejudicial errors. Consequently, we reverse our original position and affirm the trial court.

Affirmed.

Chief Judge MORRIS and Judge PARKER concur.